IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MARK CASTRO, #371042, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:22-cv-00948 |
| | ) | |
| CORECIVIC, INC., et al., | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Mark Castro, an inmate of the Turney Center Industrial Complex (TCIX) Annex in Clifton, Tennessee, has filed a pro se Complaint for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis (IFP) and a motion to appoint counsel. (Doc. Nos. 1–3.) The matter is before the Court for a ruling on Plaintiff's IFP application and motion to appoint counsel, and for an initial review of his Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED AS A PAUPER

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e. The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

2

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). In applying this standard, the Court only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

**B. Analysis of the Complaint**

Plaintiff alleges that, from September 5, 2021 through September 1, 2022, he "suffered numerous medical incidents due to his Type II Diabetes" not being properly treated while he was incarcerated at the Trousdale Turner Correctional Center (TTCC), a prison privately operated by CoreCivic, Inc. ("CoreCivic"). (Doc. No. 1 at 7.) He alleges that CoreCivic has a number of policies or customs that cause or contribute to delay or denial of medical treatment to TTCC inmates, including "[r]equiring inmates to wait for hours for insulin shots due to short staffing and

3

frequent security lockdowns[,] resulting in delayed treatment for diabetics and [allowing] insulin levels to become dangerously high causing damage to organs." (*Id.*) Due to such delays in delivering insulin and other treatment/wound care to Plaintiff, who made known to the eight individual Defendants[2] his need for treatment and the symptoms he was experiencing, he suffered "undue pain and discomfort" and diabetic complications "including a foot wound not . . . properly treated by [medical] staff," loss of kidney function, and retinopathy. (*Id.* at 8.) He alleges that "[o]n several occasions the nurse in charge of changing bandages and dressing the wound to my foot . . . made me wait for hours at a time" with no explanation except that Plaintiff "complained too much." (*Id.*) Plaintiff's improperly treated/bandaged foot wound became infected and he ultimately had to have two toes on his right foot amputated, leaving him with "balance issues" that require him to use a cane to walk. (*Id.* at 8–9.) He also suffered permanent vision loss after being denied a referral to an outside specialist for treatment of his diagnosed retinopathy and is now required to wear "unusually thick glasses to have minimum vision." (*Id.* at 9.)

Plaintiff claims that the policies of CoreCivic and the conduct of the individual Defendants constituted deliberate indifference to serious medical needs and the unnecessary and wanton infliction of pain, in violation of the Eighth Amendment. (*Id.* at 6.) For the physical and mental suffering he has endured and will endure in the future, Plaintiff seeks compensatory and punitive damages. (*Id.* at 9.)

The Eighth Amendment protects inmates from "cruel and unusual punishments," U.S. CONST. amend. VIII, a category which includes deliberate indifference to their serious medical needs while incarcerated. *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021)

---

[2] In addition to CoreCivic, Plaintiff sues TTCC's former warden, its Health Services Administrator and head physician, an unnamed nurse and nurse practitioner, a medical intake officer, and two correctional officers, all in their individual capacity. (Doc. No. 1 at 3–5, 8.)

4

(citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). A deliberate-indifference claim has an objective and a subjective component. "To meet the objective component, the plaintiff must show that the medical need is 'sufficiently serious,'" and "[t]o meet the subjective component, the plaintiff must show that 'an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). An official's subjective culpability is established by demonstrating that the official was both "aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn," and that he "actually drew the inference." *Id.*

Plaintiff's allegation that he is an insulin-dependent diabetic who required timely insulin injections and proper care for the wound to his foot—combined with his allegation that the deprivation of such resulted in pain, toe amputations, and loss of vision and kidney function—easily establishes a sufficiently serious medical need for purposes of initial review. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005) (finding sufficiently serious medical need demonstrated by diabetic inmate who was denied insulin injections and required emergency hospitalization); *see also*, *e.g.*, *Hall-Bey v. Ridley-Turner*, No. 2:04-cv-69-RLY-WGH, 2006 WL 1994795, at *9 (S.D. Ind. July 14, 2006), *aff'd*, 233 F. App'x 572 (7th Cir. 2007) (finding combination of diabetes and foot condition to present serious medical need). As for the subjective component of his claim, at this early stage and liberally construing the Complaint in his favor, Plaintiff has sufficiently alleged that his diabetes diagnosis, complaints of pain and discomfort, need for timely bandage changes, and need for insulin injections at regular intervals were known to some or all of the individual Defendants; that those Defendants disregarded the risks that he faced as a known diabetic with a foot wound and a previous diagnosis of retinopathy; and that such disregard was enabled by CoreCivic policies of allowing correctional officers to deny emergency

sick call requests and allowing staffing, security, and budget concerns to interfere with the timely distribution of insulin injections to diabetic inmates. Accordingly, the Complaint alleges a colorable Eighth Amendment claim that survives PLRA screening and will proceed for further development. *See Woodward v. Cloninger*, No. 3:18-cv-220-FDW, 2018 WL 4052170, at *1–2 (W.D.N.C. Aug. 24, 2018) (allowing diabetic detainee's deliberate indifference claim to proceed based on nurses' alleged refusal to dress and bandage his bleeding toes); *Bovin Belskis v. DT Developers, Inc.*, No. 1:15-cv-00091-JAW, 2016 WL 5395833, at *13 (D. Me. Sept. 27, 2016) (declining to dismiss claim against nurses for deliberate indifference based on allegation of delay in proper wound care for diabetic inmate).

**C. Motion to Appoint Counsel**

Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 3.) An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and *Lavado v. Keohane*, 992 F.2d 601, 606–07 (6th Cir. 1993)). In his supporting memorandum (Doc. No. 4), Plaintiff (through his inmate legal aide) persuasively argues that exceptional circumstances warranting appointment of counsel are present in this case, due to his medical condition and resulting limitations, his limited ability to read and write, and his extremely limited access to legal assistance due to his housing in a geriatric unit apart from the "main annex" where the prison law library and its one legal aide are housed. (*Id.* at 2–4 & n.1.) These factors, combined with the anticipated complexity of discovery involving both Plaintiff's institutional medical records and

"medical records which are maintained by third parties outside of prison" (*id.* at 3), constitute exceptional circumstances justifying appointment of counsel.

### III. FURTHER ACTION

In sum, the Court finds that the Complaint states a colorable claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment. The Court further finds that appointment of counsel is justified in this case, and therefore will not at this time order that process issue to any Defendant.

Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **GRANTED**. The Clerk of Court is **DIRECTED** to appoint counsel for Plaintiff from the Civil Appointments Panel and notify the Court when counsel has been appointed.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE